IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHANIE SKIPPER, *Plaintiff*, v. MARYLAND BOARD OF NURSING, *et al.*, *Defendants*. | Civil No. 1:25-cv-01225-JRR |

## MEMORANDUM OPINION AND ORDER

On April 14, 2025, *pro se* Plaintiff Stephanie Skipper initiated the instant action against the Maryland Board of Nursing ("MBON") and the following individuals in both their official and individual capacities: Rhonda Scott, Faith Henry, Christine Lechliter, Rachel Sherman, Iskra Gillis, Dawne Hayward, Jacqueline Hill, Irene Molina, Gary N. Hicks, and Maryland Governor Wes Moore. (ECF No. 1.) Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2). For the reasons set forth below, the Motion for Leave to Proceed in Forma Pauperis will be granted, and the Complaint will be dismissed without prejudice.

Plaintiff's five causes of action arise under 42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Plaintiff alleges MBON and the named MBON members violated her Fourteenth Amendment procedural and substantive due process and equal protection rights and defamed her during the investigation and adjudicative process resulting in the suspension of her nursing license. She further alleges that Maryland Governor Wes Moore is liable as the MBON

Defendants' supervisor. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Pursuant to 28 U.S.C. § 1915, the court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff fails to state a claim upon which relief may be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2009)). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

Plaintiff's defamation claims brought against all Defendants under Section 1983 will be dismissed as defamation is a state law claim and Section 1983 provides "a method for vindicating federal rights." *Albright*, 510 U.S. at 271.

Plaintiff's claims will also be dismissed as against MBON. MBON is a state agency, and not a person for purposes of Section 1983. MD. CODE. ANN., HEALTH OCC. §§ 8-201 *et seq*. *See Bond v. Maryland Bd. of Nursing*, No. CV WMN-14-872, 2014 WL 11462827, at *3 (D. Md. July 24, 2014) (finding the Maryland Board of Nursing was not a person under § 1983 and, as a state agency, could not be sued under § 1983). Additionally, as a state agency, MBON is immune from

3

suit. The Eleventh Amendment provides generally that, absent the state's consent to suit or express congressional abrogation of immunity, a state cannot be sued by a private citizen in federal court. *Bond*, 2014 WL 11462827, at *3. This immunity applies to arms of the state, including state agencies. *Id*. "Congress has not abrogated sovereign immunity for § 1983 suits," *see Biggs v. N. Carolina Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)), and Maryland "has not waived its immunity under the Eleventh Amendment to suit in federal court." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020) (citing MD. CODE ANN., STATE GOV'T § 12-202(a)). MBON is immune from Plaintiff's claims and MBON's members, sued in their official capacities for damages, enjoy the same sovereign immunity as their employer. *See Eller v. Prince George's Cnty. Pub. Sch.*, 580 F. Supp. 3d 154, 167 (D. Md. 2022) (explaining "[l]awsuits against state officials in their official capacities, . . . are the equivalent of suits against the state itself."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (providing "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

The named MBON members are also immune from Plaintiff's claim for damages brought against them in their individual capacities. As the United States Court of Appeals for the Fourth Circuit has explained "[e]very court of appeals that has addressed the issue has concluded that members of a state medical disciplinary board are entitled to absolute quasi-judicial immunity for performing judicial or prosecutorial functions." *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999) (collecting cases). Medical board members are entitled to this immunity because "(1) the boards perform essentially judicial and prosecutorial functions; (2) there exists a strong need to ensure that individual board members perform their functions for the public good without harassment and intimidation; and (3) there exist adequate procedural safeguards under state law to

protect against unconstitutional conduct by board members without reliance of private damages lawsuits." *Id*.

In addition to damages, Plaintiff seeks injunctive relief against the MBON members in their official capacities. Where a suit is brought against state officials and "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective," the *Ex parte Young*, 209 U.S. 123, 159–60 (1908) exception to Eleventh Amendment immunity applies. *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998). Here, however, Plaintiff seeks injunctive relief directing Defendants to take steps to reinstate Plaintiff's nursing license and expunge her disciplinary records. (ECF No. 1 at p. 5.) Plaintiff's requested relief is "retrospective in nature as it relates not to 'ongoing violations of federal law' but rather to 'continued effects' and 'by-products' of past action." *Manion v. N. Carolina Med. Bd.*, No. 5:16-CV-63-BO, 2016 WL 4523902, at *4 (E.D.N.C. Aug. 22, 2016), *aff'd*, 693 F. App'x 178 (4th Cir. 2017) (quoting *Caesars Massachusetts Dev. Co., LLC v. Crosby*, No. CIV.A. 13-13144-NMG, 2014 WL 2468689, at *8 (D. Mass. May 30, 2014)). The *Ex parte Young* exception does not apply where, as here, "the effect of an injunction 'would be to undo accomplished state action.'" *Id*. (quoting *Republic of Paraguay*, 134 F.3d at 628).

Finally, Plaintiff alleges Governor Wes Moore "was informed on two occasions about the unlawful conduct of the Board of Nursing. Despite having supervisory authority, he failed to take corrective action. This deliberate indifference makes him liable under supervisory liability principles." (ECF No. 1 at p. 5.) As the Fourth Circuit recently explained,

> [I]n the context of § 1983, "the term 'supervisory liability' is a misnomer." [*Ashcroft v. Iqbal*,] 556 U.S. at 677, 129 S.Ct. 1937 [(2009)]. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Id*. at 676, 129 S.Ct. 1937. Put differently, "each Government official, his or her title notwithstanding, is only

5

> > liable for his or her own misconduct." *Id*. at 677, 129 S.Ct. 1937. And a supervisor's "mere knowledge" that his subordinates are engaged in unconstitutional conduct is not enough. *Id*. Liability is thus determined person by person: A plaintiff must show "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.; *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).
> >
> > As liability here is personal, a complaint must contain specific allegations of each individual's conduct and state of mind. *Iqbal*, 556 U.S. at 677, 129 S.Ct. 1937.
>
> *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023). Plaintiff fails to allege Governor Moore took specific actions that violated her constitutional rights. As potential liability of Governor Moore is based solely on knowledge of, and failure to intervene in, the other Defendants' actions, Plaintiff's claims as against Governor Moore must be dismissed.

For the reasons set forth herein, it is this 5th day of May 2025:

**ORDERED** that Plaintiff's motion to proceed in forma pauperis at ECF No. 2, shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that the Complaint at ECF No. 1 shall be, and is hereby, **DISMISSED** in its entirety and without prejudice.

Madam Clerk shall transmit a copy of this memorandum opinion and order to Plaintiff; and **CLOSE THIS CASE.**

/S/

_____
Julie R. Rubin
United States District Judge